Turlev, J.
delivered the opinion of the court.
This is an action brought by the defendant in error, James Caughran against A. Y. Partee, the plaintiff in error, as executor of Obadiah Johnson. The suit was commenced before a justice of the peace and was brought to the circuit court by appeal, where judgment was rendered in favor of Caughran for *461 the sum of ninety-one dollars and twenty-nine cents and cost of suit; to reverse which this writ of error is
On the trial in the circuit court, Partee proved debts.due to him from Obadiah Johnson, as whose executor he was sought to be charged, of an amount sufficient to cover all the assets which were provento have come to his hands, and insisted son being allowed to retain for their payment. This was resisted on the alleged ground that he was an executor de son tort, and therefore, not allowed to retain. No proof was introduced on either side, showing that letters testamentary, either had or had not been granted to Partee; and the question •is, on whom the necessity of doing this devolves? Actions against rightful and wrongful executors, are'always in the same form; they are both described in the pleadings as executor, and there is no difference in their rights or responsibilities, except as to the retaining assets for the payment of their own debts, which an executor in his own wrong, is not permitted to do. Where the suit is commenced in court and the pleadings regularly made up, a retainer’may be specially pleaded or given in evidence under the plea of fully administered. If it be specially pleaded, the plea contains an avernnlent that a will was duly made and published, by which he, the defendant, was appointed executor, and that he had proved the same, and had taken on himself the burthen of the execution thereof. See form of a plea of retainer, 3 Chitty 946. The replication to this plea, when the defendant is not a rightful executor, would be, that he was an executor de son tort, and on the trial of the issue, the defendant, who claims to be a rightful executor must prove that he is such by producing his letters testamentary, because it is an affirmative allegation in his plea, a fact completely within his own knowledge and easily proven if it be true. On this point, see T. Jones Rep. 23. 6 Term Rep. 551. The same reasons which require a production of the letters testamentary by the defendant, when a retainer is specially ^pleaded, apply with equal force, when it is sought to be given in evidence under the plea of fully administened. A dictum is produced by the attorney for the plaintiff in error, from 1 Williams on Ex. 142, which says, “If an executor de son tort, attempts to give the retainer in evidence under the *462 a<^m“a'sterec*5 ^le Pontiff must show the will who are the rightful executors.” The absurdity of this proposition strikes us with such force that we could with diíñ- , . . . culty sustain it, it it were supported by a train of adjudicated cases. It seems to be based on the ground that there can be no executor dc son tort, unless there be a will and rightful executors or administrators, which is unquestionably not true, for perhaps in most instances, where one has made himself liable as executor dc son tori, there is no rightful executor or administrator, and if there be not, how can the plaintiff show who they are.
A rule requiring an executor to produce his letters testamentary before he shall be authorised to retain for his own debt, can lead to no difficulty or inconvenience. If he has proved the will, it is-always in his power to produce them. But a rule, requiring the plaintiff to show that defendant is not a rightful executor, would be productive of the most serious evil. This can be proven by showing a rightful administrator or executor, if there be one, but if there be none, how is it. to be proved? By the clerk of the county where administration ought to have been granted? This is at best but a kind of negative proof, and suppose the man die out of the state? In that case, letters of administration may be granted in any county in the state where he may have effects. Then in .order to show that there was no rightful administrator or executor, the plaintiff would have to take the deposition of every clerk in the state. In the case, now under consideration the pleadings are ore terms, but the law, as applicable to the rights of the parties is the same as if they were in writing and drawn with all the forms required. We therefore think, that Partée had no right to retain for his debt without first having shown that he was a rightful executor, and that as he has not done so, the court below committed no error in rendering the judgment against him. The judgment will therefore be affirmed.
Judgment affirmed.